## Mackarus Estate (No. 2)

Before KLEIN, P. J., BOLGER, LEFEVER, SAYLOR, SHOYER AND BURKE, JJ.

*Ostroff & Lawler,* for exceptants.

*Fox, Rothschild, O'Brien & Frankel,* for accountant.

*Herbert W. Salus, Jr.* and *Melvin E. Soll,* Special Assistant Attorneys General, for Commonwealth.

*Sidney Salkin,* Assistant United States Attorney and *Drew T. J. O'Keefe,* United States Attorney, for the United States of America.

BURKE, J., September 20, 1965.—Marie Korol Budnik and Marina Korol Budnik, nationals of the U.S.S.R. residing in Volynskaya Province, Ukraine, claim to be decedent's nieces and next of kin, and appear by their attorneys in fact, Wolf, Popper, Ross, Wolf and Jones, Esqs., of the New York bar.

Ostroff, Lawler and Baker, Esqs., of this bar, who were designated by the attorneys in fact to present the claims, presented a petition on May 21, 1965, for citation to adverse parties to show cause why claimants "should not be allowed to use the procedural devices of depositions, or file interrogatories, commissions and/or letters rogatory". This petition was referred to me as auditing judge for consideration and disposition.

It appears from the record that Ostroff, Lawler and Baker, Esqs., presented a similar petition on June 12, 1964, to take claimants' testimony before the American Consul in Moscow. Answers to this petition were filed by the administrator, by the Commonwealth of Pennsylvania, and by the United States Attorney on behalf of the General Post Fund. All respondents ob-

jected that to allow such depositions would make it impossible for them to protect their respective interests. In an opinion by Judge Bolger filed on February 5, 1965, the court dismissed the petition without deciding the issues because the petition failed to satisfy the requirements of pertinent statutes and our rules of court. Leave, however, was allowed to claimants to file an amended petition within 60 days.

No amended petition was filed within the time stipulated in the court's decree. Long after the 60-day period had expired, counsel for claimants presented the petition which is now before the court for disposition.

In the second petition, counsel states that "claimants have not signed this petition for the additional reason that the forwarding of a petition of this nature to the clients would require them to take the affidavit before a local notary public and have the notary's power to act authenticated before the American Consul in Moscow. From experience [the petition continues] this procedure takes several months and would be an undue and unnecessary delay and entail great expense in order to obtain such procedural relief". This averment, of course, is an attempt to explain claimants' failure to sign and verify the petition in compliance with Philadelphia Orphans' Court Rule *34.1 (b). As this court said recently in Christo Estate, 36 D. & C. 2d 366, in which the same law firm appeared under similar circumstances for a nonresident claimant living in Albania: "We cannot accept (counsel's) explanation for the failure of the widow to sign the petition. Under the circumstances of this case, we will insist that the petition be executed by (the claimant), personally".

Petitioners take the position that a commission or letters rogatory is a "legal procedure" to which claimants are entitled as a matter of right. Such, however,

is not the law. To allow the testimony of a witness in a foreign country to be obtained through a commission or letters rogatory is a matter of judicial discretion and is to be allowed only in the interest of justice in a proper case when safeguards have been provided to protect the adverse parties: Garrett's Estate, 335 Pa. 287; Link's Estate (No. 1), 319 Pa. 513; Martinzik Estate, 25 D. & C. 2d 701; Sochanczak Estate, 29 D. & C. 2d 609; Zaremba Estate, 34 D. & C. 2d 721. Such safeguards in this estate are impossible because no confidence can be placed at this time in any Soviet tribunal or official designated to execute a commission.

All of the evidence submitted by claimants at the audit in this estate is documentary designed to prove facts purporting to appear in public records in the U.S.S.R. None of these documents is a copy of the original record, and it is obvious that all were prepared from information gathered from other sources. Soviet documents designed to establish kinship in order to obtain the estates of foreign domiciliaries are suspect and must be regarded with the utmost caution. Documents made post litem motam will not be admitted unless the court is absolutely certain that the source of information is untainted and the facts upon which the record is based have been established beyond doubt as unimpeachable, impartial and trustworthy: Malika Estate, 31 D. & C. 2d 736. To allow a commission or letters rogatory in this estate would elicit from Soviet sources only such testimony as would best suit their purposes without regard to the truth, and would be no more trustworthy than the documents submitted at the audit.

Accordingly, we enter the following

## DECREE

Now, September 20, 1965, the petition of Isidor Ostroff and James Francis Lawler, Esqs., attorneys for

Maria Moiseovna Korol Budnik and Marina Moiseovna Korol Budnik for citation "to use the procedural devices of depositions, or file interrogatories, commissions and/or letters rogatory" is dismissed.

OPINION SUR EXCEPTIONS

LEFEVER, J., November 10, 1966. — On January 5, 1962, Samuel Mackarus, an immigrant from Russia, who served in the United States Army in World War I, died intestate in a United States veterans' hospital. He had been adjudicated incompetent by the Philadelphia Common Pleas Court on February 28, 1921. His substantial estate consisted principally of benefits paid to him and his guardian during the more than 40 years that he was a patient in various veterans' hospitals. By adjudication dated September 20, 1965, Judge Burke decided that the identity of the two alleged nieces claimed to be his closest of kin, who allegedly live in Volynskoya Province, Ukraine, U.S.S.R., was not proved, and he awarded the net principal and income of decedent's estate, totalling $82,782, to the Commonwealth of Pennsylvania under section 1314 of The Fiscal Code of April 9, 1929, P. L. 343, "without escheat, and without prejudice to the rights of all claimants in future proceedings to establish their claims according to law".

On June 12, 1964, the law firm of Ostroff, Lawler & Baker filed a petition in which petitioners were "Ostroff, Lawler & Baker, attorneys for Maria Moiseevna Korol Budnik and Marine Moiseevna Korol Budnick [sic], nieces of the decedent". The petition was signed "Ostroff, Lawler & Baker, by James Francis Lawler", and the affidavit to the petition was signed by James Francis Lawler. In due course, a citation was issued and served; an answer was filed by the administrator of decedent's estate; answers and new matter were filed by Herbert W. Salus, Jr., Special Assistant Attorney General for the Commonwealth of Pennsylvania

and by the United States of America; and replies to the answers and new matter were filed by Ostroff, Lawler & Baker. Argument thereon was heard by this court en banc. Under date of February 5, 1965, Judge Bolger filed an opinion for a unanimous court in which the petition was dismissed "without prejudice and with leave to the claimants to file an amended petition within sixty days": Mackarus Estate (No. 1), 41 D. & C. 2d 257. No such amended petition was filed.

On May 21, 1965, the law firm of Ostroff & Lawler, successor firm to Ostroff, Lawler & Baker, filed with the court at the regular weekly motion list a "Petition for Citation to Use Procedural Devices of Depositions, or File Interrogatories, Commissions and/or Letters Rogatory". It would appear from the petition and the brief filed in support thereof that claimants are alleged to be decedent's nieces and next of kin, and make their claim through their attorneys-in-fact, Wolf, Popper, Ross, Wolf and Jones, Esquires, of New York City, New York, who have designated Ostroff & Lawler, Esquires, of Philadelphia to present the claims.

This petition was referred to the auditing judge (Burke, J.), before whom the first and final account of the administrator was pending. Judge Burke filed an opinion and decree dismissing the petition. Exceptions were filed thereto. They are now before the court.

No mention was made in the instant petition of the prior petition, answers and reply, all of which were disposed of by this court in our above mentioned unanimous opinion of February 5, 1965. No explanation was given in this petition for the failure of petitioners and claimants to file an amended petition within the 60 days allowed therefor by this court. It follows that the issues raised in the petition now before the court are the same as those considered, and finally decided, in our earlier opinion. Hence, that decision is res judicata, and the petition now before the court was properly

dismissed. However, Mr. Lawler, at the argument, stated his intention to carry this matter, as a test case, first to the Supreme Court of Pennsylvania and then, if necessary, to the United States Supreme Court. Therefore, we will briefly note additional reasons for dismissing the exceptions.

Ostroff & Lawler, and the predecessor law firm of Ostroff, Lawler & Baker, have repeatedly presented petitions in a number of so-called "Iron Curtain" cases, requesting this court's permission to take the testimony of residents in "Iron Curtain" countries by depositions, interrogatories or letters rogatory. This court has refused or dismissed such petitions in Martinzik Estate, no. 587 of 1953, unreported opinion of April 7, 1955, and exceptions dismissed in 25 D. & C. 2d 701, 708 (1962) ; Gustin Estate, no. 1088 of 1963, unreported decree, dated March 16, 1965; Sesztak Estate, no. 633 of 1962, unreported decree dated May 13, 1963; Slotkin Estate, 40 D. & C. 2d 334; Sochanczak Estate, 29 D. & C. 2d 609 (1963) ; and Zaremba Estate, 34 D. & C. 2d 721 (1965).

In Sochanczak Estate, supra, and Zaremba Estate, supra, this court carefully and thoroughly considered these petitions and refused them in exhaustive opinions, written for a unanimous court by Judges Shoyer and Bolger, respectively. There is no need to repeat what was so well said in those cases.

In summary, this court refused to grant the pending petition because it fails to meet the requirements of pertinent statutes and the local rules of this court. Specifically, despite the clear mandate of our local rule *34.1(b) of the Orphans' Court of Philadelphia County, that petitions "be signed and verified by the parties", the petition filed on behalf of present claimants has been signed and sworn to by a member of a local law firm. The petition does not conform to our rule that the actual party sign the petition and verify it

under oath. Moreover, no explanation has been given in the petitions heretofore filed and dismissed for this flagrant violation of one of our basic rules.

In the present petition, the flimsy reasons are advanced that to obtain the signature and verification of claimants would require time and expense and that the pending petition is only a "procedural device". It is noteworthy that the first petition in this case was filed on June 12, 1964. Ample time in this age of jet travel and fast mails has been available to obtain the signatures and verification of claimants in the interval which has elapsed. Moreover, one of the unfortunate incidents of litigation is proper expense. Finally, it is a fundamental requirement, in dealing with citizens of a police state that this court be certain that claimants are voluntarily initiating the procedure involved. None of the offered explanations satisfies this court. Per contra, as we have repeatedly indicated, it would appear that petitioners were not voluntarily chosen by claimants as their lawyers, but rather by fiat of the Russian Government, which has absolute control over the lives and property of its citizens. Moreover, we have found nothing in the Federal statutes or in the decisions of the United States Supreme Court compelling us to issue letters rogatory or a commission or permit interrogatories to take the testimony of citizens of Soviet Russia or its satellites, contrary to the basic and long established practice of this court and the decisions of the Pennsylvania Supreme Court. The keystone of our rules is that claimants must appear in court in person, rather than support their claims with post litem motam records prepared by officials in a foreign State.

In the recent case of Slotkin Estate, 40 D. & C. 2d 334, this court, inter alia, refused a petition for issuance of letters rogatory or a commission. On September 27, 1966, the Supreme Court of Pennsylvania sustained our refusal to grant this petition by a per curiam

affirmance without opinion, 423 Pa. 628. There is nothing in the instant case to warrant our departure from our decision in Slotkin Estate which has been approved so recently by our Supreme Court.

For the reasons stated in this opinion, in the opinions of Judges Bolger and Burke in the instant case, and in the opinions of this court in the above cited cases, the petition was properly dismissed. Hence, the exceptions are dismissed.